## CIVIL MINUTES – GENERAL 'O'

| Case No. | 2:17-cv-00750-CAS(MRWx) | Date | June 27, 2017 |
|----------|--------------------------|------|----------------|
| Title | PRIME HEALTHCARE SERVICES-MONTCLAIR, LLC ET AL v. SYLVIA MATHEWS BURWELL | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Not Present

Attorneys Present for Defendants:

Not Present

**Proceedings:** (IN CHAMBERS) – DEFENDANT THOMAS E. PRICE'S MOTION TO STAY (Dkt. 13, filed May 8, 2017)

The Court finds these motions appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of July 3, 2017 is vacated, and the matters are hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On January 30, 2017, plaintiff Prime Healthcare Services-Montclair, LLC brought the instant action against Silvia Mathews Burwell, in her official capacity as Secretary of the U.S. Department of Health and Human Services ("HHS"). Dkt. 1. On May 25, 2017, plaintiff filed a first amended complaint naming Thomas E. Price, the current HHS Secretary, as defendant. Dkt. 15 ("FAC"). On May 8, 2017, defendant filed the instant Motion to Stay. Dkt. 13 ("MTS"). On June 12, 2017, plaintiff filed an opposition to the motion. Dkt. 25.

Prime Healthcare Services, Inc. operates plaintiff and related entities in California (collectively, the "Prime Hospitals"). Plaintiff alleges that on November 18, 2010, a Medicare beneficiary, B.E., complained of chest pain and was admitted to Montclair Hospital Medical Care. FAC ¶ 30. Plaintiff alleges that because of B.E.'s symptoms and medical history, the treating physician determined that inpatient admission was necessary. Id. ¶ 32. A Medicare Administrative Contractor ("MAC")—which generally makes payments for proper claims for reimbursement—challenged the reasonableness of B.E.'s medical services. Id. ¶¶ 8–9. An Administrative Law Judge ("ALJ") upheld the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:17-cv-00750-CAS(MRWx) | Date | June 27, 2017 |
| Title | PRIME HEALTHCARE SERVICES-MONTCLAIR, LLC ET AL v. SYLVIA MATHEWS BURWELL | | |

ruling of the MAC, and the Medicare Appeals Counsel failed to issue a ruling in the statutory time provided.  Id. ¶10.  Plaintiff seeks review of the ALJ determination that plaintiff was overpaid for B.E.'s medical services by $3,918.27.  Id. ¶¶ 20–25.

## II.    LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court.  See Landis v. North American Co., 299 U.S. 248, 254 (1936).  Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  In exercising its discretion in determining whether to grant a stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant the stay.  Lockyer v. Mirant Corp., 398 F.2d 1098, 1110 (9th Cir. 2005).  Specifically, the court must consider: (1) the possible damage or harm that may result from granting the stay; (2) the hardship or inequity that a party may suffer in being required to go forward with the case; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Id.  In addition, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."  Leyva, 593 F.2d at 864.  The proponent of a stay has the burden of proving that a stay is justified.  Clinton v. Jones, 520 U.S. 681, 708 (1997).

## III.   DISCUSSION

The instant action is one of 26 similar actions brought in this district by plaintiff and related entities in California seeking review of similar adverse ALJ rulings (collectively, the "Judicial Review Actions").[1]  The Prime Hospitals have also brought at

---

[1] The 25 additional cases are: Prime Healthcare Services-Sherman Oaks, LLC v. Price, No. 16-cv-8098-RAO (filed October 31, 2016); Prime Healthcare Services-San Dimas, LLC v. Price, No. 16-cv-8099-JAK (filed October 31, 2016); Prime Healthcare Services-San Dimas, LLC v. Price, No. 16-cv-8101-ODW (filed October 31, 2016); Prime Healthcare-Huntington Beach, LLC v. Price, No. 16-cv-8102-PA (filed October

**CIVIL MINUTES – GENERAL**                    '**O**'

| Case No. | 2:17-cv-00750-CAS(MRWx) | Date | June 27, 2017 |
|----------|-------------------------|------|---------------|

| Title | PRIME HEALTHCARE SERVICES-MONTCLAIR, LLC ET AL v. SYLVIA MATHEWS BURWELL |
|-------|--------------------------------------------------------------------------|

least six cases in the Eastern District of California and three cases in the Southern District of California seeking review of ALJ rulings.[2]

---

31, 2016); Prime Healthcare Services-San Dimas, LLC v. Price, No. 17-cv-75-DMG (filed January 5, 2017); Prime Healthcare Services-San Dimas, LLC v. Price, No. 17-cv-78-DSF (filed January 5, 2017); Prime Healthcare Services-Sherman Oaks, LLC v. Price, No. 17-cv-161-DSF (filed on January 9, 2017); Prime Healthcare Services-Sherman Oaks, LLC v. Price, No. 17-cv-170-JFW (filed on January 9, 2017); Prime Healthcare Services-Sherman Oaks, LLC v. Price, No. 17-cv-174-VAP (filed on January 9, 2017); Desert Valley Hospital, LLC v. Price, No. 17-cv-661-DMG (filed January 27, 2017); Prime Healthcare Services-Montclair, LLC v. Price, No. 17-cv-659-PA (filed January 27, 2017); Prime Healthcare Services-Sherman Oaks, LLC v. Price, No. 17-cv-658-JFW (filed January 27, 2017); Prime Healthcare Services-Garden Grove, LLC v. Price, No. 17-cv-169-AG (filed January 30, 2017); Prime Healthcare Services-Garden Grove, LLC v. Price, No. 17-cv-178-AG (filed February 1, 2017); Prime Healthcare Services-Garden Grove, LLC v. Price, No 17-cv-171-DOC (filed January 30, 2017); Prime Healthcare Services-Montclair, LLC v. Price, No. 17-cv-173-AB (filed January 31, 2017); Prime Healthcare Services-Montclair, LLC v. Price, No. 17-cv-174-JFW (filed January 31, 2017); Prime Healthcare Services-La Palma, LLC v. Price, No. 17-cv-802-RGK (filed February 1, 2017); Prime Healthcare Services-Garden Grove, LLC v. Price, No. 17-cv-340-JLS (filed February 24, 2017); Prime Healthcare Services-Garden Grove v. Price, LLC, No. 17-cv-347-JVS (filed February 24, 2017); Prime Healthcare Services-Sherman Oaks, LLC v. Price, No. 17-cv-1551-AB (filed February 24, 2017); Prime Healthcare Services-Garden Grove v. Price, LLC, No. 17-cv-346-JLS (filed February 24, 2017); Prime Healthcare Services-Encino, LLC v. Price, No. 17-cv-1562-SJP (filed February 27, 2017); Veritas Health Services, Inc., dba Chino Valley Medical Center v. Price, No. 17-cv-359-MWF (filed February 24, 2017); Veritas Health Service, Inc., dba Chino Valley Medical Center v. Price, No. 17-cv-365-FMO (filed February 24, 2017).

[2] All six of the Eastern District of California cases were brought by Prime Healthcare Services-Shasta, LLC. The case numbers are: 17-cv-69, 17-cv-71, 17-cv-72, 17-cv-73, 17-cv-74, and 17-cv-82. The cases in the Southern District of the California are: Alvarado Hospital, LLC v. Mathews Burwell, 16-cv-2698-DMS-WVG; Alvarado

## CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:17-cv-00750-CAS(MRWx) | Date | June 27, 2017 |
|----------|-------------------------|------|---------------|
| Title | PRIME HEALTHCARE SERVICES-MONTCLAIR, LLC ET AL v. SYLVIA MATHEWS BURWELL | | |

     The Prime Hospitals and the United States are opposing parties in two additional actions originating in this district. In the first action, U.S. ex rel Bernsten v. Prime Healthcare Services, Inc., No. 11-cv-08214-PJW (C.D. Cal.), the United States alleges that the Prime Hospitals submitted Medicare claims for unnecessary inpatient admissions in violation of the False Claims Act (the "FCA Action"). The FCA Action was filed in 2011, and the United States intervened in June 2016. According to defendant, the Medicare claim at issue in this action may be within the universe of claims at issue in the FCA action.

     In the second action, Alvarado Hospital, LLC, et al. v. Price, No. 15-cv-06312-R (C.D. Cal.), the Prime Hospitals allege that an agreement was reached with the Department of Health and Human Services to permit the Prime Hospitals to participate in an existing dispute resolution process with respect to claims for reimbursements under Medicare (the "Settlement Action"). The Prime Hospitals contend that the United States breached this agreement by refusing to go forward with this dispute resolution process. The Settlement Action potentially includes the Medicare claim at issue in this action. The Settlement Action was transferred to the United States Court of Federal Claims, and the transfer order is currently on appeal in the Federal Circuit. See No. 2016-1356 (Fed. Cir. 2016).

     In the instant motion, defendant seeks to stay this action pending the resolution of the FCA Action and Settlement Action. MTS at 2. The government has filed similar motions to stay in each of the other Judicial Review Actions. In nine of those cases, courts have already ruled on the motions to stay; in each of those nine cases, the government's motion to stay has been denied.[3]

---

Hospital, LLC v. Mathews Burwell, 16-cv-2699-DMS-WVG; and Prime Healthcare Paradise Valley, LLC v. Mathews Burwell, 17-cv-54-AJB-MDD.

    [3] See Prime Healthcare Services-La Palma, No. 17-cv-802-RGK (C.D. Cal. June 12, 2017), dkt. 31; Prime Healthcare Services-San Dimas, 16-cv-8099-JAK-E (C.D. Cal. June 7, 2017), dkt. 45; Prime Healthcare Services-Sherman Oaks, No. 16-cv-8098-RAO (C.D. Cal. April 12, 2017), dkt 39; Prime Healthcare Services-Sherman Oaks, No. 17-cv-658-JFW (C.D. Cal. June 6, 2017), dkt. 32; Prime Healthcare Services-Montclair, No. 17-

## CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:17-cv-00750-CAS(MRWx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | PRIME HEALTHCARE SERVICES-MONTCLAIR, LLC ET AL v. SYLVIA MATHEWS BURWELL | | |

Consistent with the decisions in those nine cases, and taking all of the relevant factors into consideration, the Court concludes that a stay is not warranted. The FCA and Settlement Actions will not necessarily resolve all of the disputes in this Court's case and neither can be expected to be completed in the reasonably near future. In addition, this case is small is scope and will not require an excessive use of resources by the Court or the parties.

## IV. CONCLUSION

In accordance with the foregoing, defendant's motion to stay is **DENIED** without prejudice.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |

cv-174-JFW (C.D. Cal. June 6, 2017), dkt. 33; <u>Prime Healthcare Services-Sherman Oaks</u>, No. 17-cv-170-JFW (C.D. Cal. June 6, 2017), dkt. 37; <u>Prime Healthcare Services-San Dimas</u>, No. 17-cv-78-DSF (C.D. Cal. June 5, 2017), dkt. 25; <u>Prime Healthcare Services-Sherman Oaks</u>, No. 17-cv-161-DSF (C.D. Cal. June 5, 2017), dkt. 33; <u>Prime Healthcare-Huntington Beach</u>, No. 16-cv-8102-PA (C.D. Cal. April 12, 2017), dkt 24.